IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM B. TATE, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | CASE NO. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BAGGETT GRAIN, INC. ) | |
| ) | |
|    *Defendants*. ) | |

## COMPLAINT

1. Plaintiff, William B. Tate, submits this complaint pursuant to the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.* against Defendant Baggett Grain, Inc. ("Baggett Grain"), for equitable relief and to remedy Defendant's violations of the wage provisions of the FLSA, which have deprived Plaintiff of his lawful wages, including minimum and overtime wages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant conducts business in this district.

## PARTIES

4. Plaintiff William B. Tate, is a resident of Springfield, Robertson County, Tennessee.

5. Defendant Baggett Grain is a for-profit corporation organized under the law of the State of Tennessee with its principal place of business at 3900 Memorial Blvd., Springfield,

1

Tennessee 37172-5052, and is engaged in business in Springfield, Robertson County, Tennessee. Baggett Grain may be served through its registered agent for service of process, Mac E. Baggett, 3900 Memorial Blvd., Springfield, Tennessee 37172-5052. Throughout applicable time periods, Defendant Baggett Grain was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

## FACTS

6. Plaintiff worked for Baggett Grain from May 2010 to December 2010.

7. In his employment capacity with Defendant, Plaintiff performed general labor jobs, including mowing, spraying chemicals and fertilizers, purchasing mechanical equipment, operating a bulldozer, driving trucks, hauling materials, and painting a barn.

8. Defendant compensated Plaintiff for his work by paying him $650.00 per week, regardless of how many hours of work he performed.

9. Defendant required Plaintiff to report to work by 6:45 a.m. each day. Plaintiff routinely worked from 6:45 a.m. to 7:00 p.m., and as late as 8:00 p.m., each day. There were some nights when Plaintiff work until 9:00 p.m. or 10:00 p.m. Accordingly, Plaintiff routinely worked over 40 hours each week during his employment with Defendant.

10. At no time during his employment with Defendant was Plaintiff paid an hourly wage for his time worked, nor was he ever paid overtime wages for time worked over forty (40) hours in any workweek.

## CAUSE OF ACTION
### Count I – Fair Labor Standards Act

11. Plaintiff incorporates by reference the prior paragraphs of this Complaint.

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

13. This action is brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.* for equitable relief and to remedy Defendant's violations of the wage provisions of the FLSA which have deprived Plaintiff of his lawful wages, including minimum wages and overtime wages.

14. At all times material to this action, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

15. At all times material to this action, Defendant was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

16. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA.

17. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

18. The provisions set forth in §§ 206 and 207 of the FLSA, respectively, apply to Defendant and Plaintiff during his employment with Defendant during the applicable time period.

19. Defendant has willfully violated the FLSA with respect to denying Plaintiff minimum wages and overtime wages, as Defendant has been aware of the requirements of the FLSA and Defendant's violations of it.

20. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation, including the applicable required minimum wages and overtime wages, in accordance with §§ 206 and 207 of the FLSA.

21. In addition to the amount of unpaid wages and benefits owed, Plaintiff is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.  A judgment against Defendant and in favor of Plaintiff for compensation for all hours worked at a rate not less than the applicable minimum wage as well as the amount of unpaid overtime that Defendant has failed and refused to pay in violation of the FLSA;

B.  An order finding that Defendant's violations of the FLSA are and/or were willful;

C.  Liquidated damages to the fullest extent permitted under the FLSA;

D.  Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA;

E.  For a trial by jury; and

F.  Such other and further relief as this Court deems just and proper.

Dated: January 17, 2012                            Respectfully submitted,


/s/ David W. Garrison
David W. Garrison, BPR # 24968
Scott P. Tift, BPR # 27592
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, Tennessee 37201
Telephone: 615-244-2202
Fax: 615-252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com

*Counsel for Plaintiff*